IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES,

        Plaintiff,
v.

ESTATE OF BERT M. SABEL; SYLVIA SABEL and NORMAN SABEL, Executors of the ESTATE OF BERT M. SABEL,

        Defendants.
        /

No. C 08-05580 SI

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

Defendants have filed a motion to dismiss plaintiff's complaint. The motion is scheduled for hearing at 9:00 on June 12, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing. **The parties shall appear at a case management conference at 3:00 on June 12, 2009.** Having considered the papers submitted, and for good cause shown, the Court DENIES defendants' motion.

**DISCUSSION**

The United States has filed a complaint seeking to reduce to judgment against the Estate of Bert Sabel an assessment of $72,699.19 for allegedly unpaid federal income taxes. Defendants move to dismiss the complaint for lack of jurisdiction, *see* Federal Rule of Civil Procedure 12(b)(1), for failure to state a claim upon which relief may be granted, *see* Federal Rule of Civil Procedure 12(b)(6), and for insufficient service of process, *see* Federal Rule of Civil Procedure 12(b)(5).

**A.    Lack of Jurisdiction**

Defendants argue that this Court has no jurisdiction over this matter because the United States has already filed a creditor's claim against the Estate of Bert Sabel in the ongoing probate proceeding

in San Francisco Superior Court. According to defendants, the United States is barred by the *Rooker-Feldman* doctrine from appealing decisions in the probate proceeding to this Court.

The general rule is that federal courts "have jurisdiction to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markham v. Allen*, 326 U.S. 490, 494 (1946) (internal citation omitted). "The evil to be avoided is federal interference with state probate proceedings." *Hilton v. Mumaw*, 522 F.2d 588, 593 (9th Cir. 1975). "Thus, a federal court may declare that a plaintiff is or is not entitled to receive an interest in the estate but may not order the executor to pay over that interest or distribute specific property." *In re Blakeman*, 512 F. Supp. 325, 328 (E.D.N.Y. 1981) (citing *Markham*, 326 U.S. at 494).

Here, the only relief the United States seeks is the determination of the validity and amount of federal tax claims against defendant estate. As there is no evidence that the San Francisco Superior Court has already considered the validity of this claim, defendants have not demonstrated that this Court's decision would interfere with the state court's probate jurisdiction. *See id.* (holding that federal court did not interfere with probate proceedings when its orders kept "the assets of the estate intact pending their eventual distribution by the probate court."); *see also* 13E Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3610 (Lawyers' Ed. 2009) ("It generally is not considered an interference with state probate proceedings for a federal court to declare whether a particular individual has the right to share in an estate.").

Accordingly, the Court DENIES defendants' motion to dismiss pursuant to Rule 12(b)(1).

### B. Failure to State a Claim

The United States claims that the Secretary of the Treasury has assessed $72,699.19 against defendant estate for unpaid taxes, penalties and interest for 1996 and 1997. Complaint ¶ 9. Defendants argue that the complaint must be dismissed under Rule 12(b)(6) because the Internal Revenue Service ("IRS") has released its tax liens for 1996 and 1997. Defendants provide no support for this

2

representation, which is contrary to the United States' allegations in the complaint.[1] In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). At this stage of the proceedings, this Court must accept as true the United States' contention that there is a valid tax assessment against the estate of Bert Sabel for the years 1996 and 1997.

Accordingly, defendants' motion to dismiss pursuant to Rule 12(b)(6) is DENIED.

## C. Insufficient Service of Process

Defendants state that the United States has failed to properly serve the complaint in this case and moves to dismiss for insufficient service of process, pursuant to Rule 12(b)(5). Kris Ramamurti, a revenue officer with the IRS, has filed a declaration stating that on May 11, 2009, he delivered a copy of the summons and complaint in this case to the residence of Sylvia Sabel. *See* Docket No. 25. The IRS has also sent a copy of the summons and complaint to Andrew Dimitriou, who is representing Sylvia and Norman Sabel in this matter. *See* Docket Nos. 25, 28. Defendants do not explain in their motion why these forms of service were deficient and do not claim that Dimitriou is not authorized to accept service for Norman Sabel. It therefore appears that service of process was properly effectuated. *See* Fed. R. Civ. Pro. 4(e)(2)(A) & (C).

Accordingly, defendants' motion to dismiss pursuant to Rule 12(b)(5) is DENIED.

**CONCLUSION**

Defendants' motion to dismiss is DENIED. Docket No. 19.

**IT IS SO ORDERED.**

Dated: June 9, 2009

SUSAN ILLSTON
United States District Judge

---

[1] In their motion, defendants reference a request for judicial notice, but they have failed to file any such request.

3